UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVILLE NORMAN,

    Petitioner,

v.

    Case No. 2:21-cv-11357
    Honorable Linda V. Parker

CHANDLER CHEEKS,

    Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS (ECF NO. 7); (2) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (4) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Marville Norman ("Petitioner"), confined at the Duane Waters Hospital in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a prison misconduct conviction he received from the Michigan Department of Corrections ("MDOC") for assault resulting in serious injury. Respondent filed a motion to dismiss the petition on the ground that it fails to state a claim upon which habeas relief can be granted. (ECF No. 7.) Petitioner filed a response. (ECF No. 10.) For the reasons that follow, the Court is granting Respondent's motion and dismissing the habeas petition without prejudice to Petitioner bringing a civil rights complaint.

## I. Background

On June 13, 1988, Petitioner was found guilty of two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct in the Wayne County Circuit Court. The trial court sentenced Petitioner to 50 to 100 years in prison on the first-degree criminal sexual conduct convictions and 10 to 15 years in prison on the second-degree criminal sexual conduct conviction. (ECF No. 8-1 at Pg ID 214.)

In 2018, MDOC found Petitioner guilty of a prison misconduct for assault resulting in serious physical injury. (ECF No. 1 at Pg ID 1.) Petitioner's prison misconduct conviction resulted in the loss of disciplinary credits, detention for 10 days, and a loss of privileges for 30 days. (*Id.* at Pg ID 81-82.)

In his current application for habeas relief, Petitioner seeks to overturn his prison misconduct conviction. (*See id.*)

## II. Discussion

Respondent moves to dismiss the petition on the ground that Petitioner fails to state a claim upon which relief can be granted. The Court agrees and, therefore, is granting the motion to dismiss.

Where a prisoner is challenging the fact or duration of his physical imprisonment and the relief sought is a determination that the prisoner is entitled to immediate or speedier release, the sole federal remedy is a petition for a writ of

2

habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners asserting claims regarding mistreatment during their legal incarceration. *See Richards v. Taskila*, No. 20-1315, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) (citing *Preiser*, 411 U.S. at 499; *Hodges v. Bell*, 170 F. App'x 389, 392-93 & n.2 (6th Cir. 2006)). Claims challenging the conditions of confinement should be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *Id.*

Prior to April 1, 1987, Michigan state prisoners could earn "good time credits" to shorten their sentences. The loss of those credits could affect the duration of confinement. *See* Mich. Comp. Laws §800.33(2); *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007). However, after April 1, 1987, Michigan state prisoners are eligible only for "disciplinary credits," which constitute but one factor in parole eligibility. *Id.* at 440. A finding of misconduct, therefore, does not implicate a protected liberty interest subject to habeas review. *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). As Petitioner was convicted after April 1, 1987, he is not entitled to "good time" credits that could reduce the duration of his confinement. *Eby*, 481 F.3d at 440; Mich. Comp. Laws § 800.33(2). Accordingly, a successful challenge to the forfeiture of Petitioner's disciplinary credits would not necessarily impact the

duration of his sentence because the Michigan Parole Board retains discretion whether to grant Petitioner parole. *Thomas*, 481 F.3d at 440.

Any claims by Petitioner involving the loss of privileges are likewise non-cognizable on habeas review. "[A]n inmate cannot challenge the loss of non-custodial privileges by way of a habeas petition because the loss of such privileges has only a 'speculative or incidental effect' on the length of a prisoner's sentence and is not 'close to the core of habeas corpus.'" *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (citation omitted).

In summary, Petitioner's claims concerning his prison misconduct conviction and the loss of disciplinary credits and privileges challenge only the conditions of his confinement. His claims, therefore, "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

The proper course for a district court after it determines that the substance of a state prisoner's habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow the petitioner to raise potential civil rights claims properly as a § 1983 action. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Accordingly, the Court is **GRANTING** Respondent's motion to dismiss (ECF No. 7) and is **DISMISSING WITHOUT PREJUDICE** Petitioner's

application for the writ of habeas corpus, so that he may bring his claims in a separate civil rights complaint. The Court is **DENYING** Petitioner a certificate of appealability, as reasonable jurists could not debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Nevertheless, the Court is **GRANTING** Petitioner leave to appeal in forma pauperis on appeal, if he chooses to appeal, as an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 12, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 12, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
