UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVILLE NORMAN,

    Petitioner,

                                                              Case No. 2:21-cv-11357
v.                                                      Honorable Linda V. Parker

CHANDLER CHEEKS,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 15) AND MOTION FOR CLARITY OR CORRECTION (ECF NO. 16)</u>**

On June 7, 2021, Petitioner filed a pro se petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison misconduct conviction he received from the Michigan Department of Corrections ("MDOC"). Respondent filed a motion to dismiss the petition on the ground that it failed to state a claim upon which habeas relief can be granted, which this Court granted in an Opinion and Order entered January 12, 2022. (ECF No. 13.) The matter is presently before the Court on Petitioner's Motion for the Appointment of Counsel (ECF No. 15) and his Motion for Clarity or Correction (ECF No. 16).

The Court begins with Petitioner's Motion for Clarity or Correction, which the Court construes as a motion to amend or for relief from judgment pursuant to Federal Rules of Civil Procedure 59(e) or 60(b), respectively. In the motion,

Petitioner maintains that his MDOC conviction caused him to lose earned disciplinary credit days and that this has impacted the length of his sentence. Petitioner maintains that this infringed his liberty interests.

As the Court explained in its January 12 decision, however, a Michigan prisoner serving a sentence for a crime committed on or after April 1, 1987, such as Plaintiff, earns "disciplinary credits" rather than "good time credits" and has no constitutionally protected liberty interest associated with the loss of disciplinary credits. (*See* ECF No. 13 at Pg ID 460 (citing *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009).) Petitioner therefore fails to show the need for a correction of the Court's prior decision. He does not appear to be asking the Court to clarify anything in the decision.

Because Petitioner's application for the writ of habeas corpus was properly dismissed without prejudice and, therefore a judgment was entered closing this matter, there is no reason to appoint counsel to represent Petitioner in this action.

For these reasons, the Court is denying Petitioner's Motion for Appointment of Counsel (ECF No. 15) and Motion for Clarity or Correction (ECF No. 16). The Court also is denying Petitioner a certificate of appealability and leave to appeal this decision in forma pauperis. Reasonable jurists could not debate whether, or agree that, the motions should have been resolved differently, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v.*

*McDaniel*, 529 U.S. 473, 483-84 (2000). An appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 19, 2022


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 19, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager